UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
VICTORIA DIVISION

| | | |
|---|---|---|
| **RODERICK LASHAWN WILLIAMS,** | § | |
| | § | |
| Petitioner, | § | |
| v. | § | CIVIL ACTION V-06-101 |
| | § | |
| **NATHANIEL QUARTERMAN, Director,** | § | |
| **Texas Department of Criminal Justice,** | § | |
| **Institutional Division,** | § | |
| | § | |
| Respondent. | § | |

**MEMORANDUM OPINION & ORDER**

Roderick Lashawn Williams ("Williams"), an inmate of the Texas Department of Criminal Justice - Correctional Institutions Division ("TDCJ-CID"), has filed a petition for a writ of habeas corpus under 28 U.S.C. §§ 2241 and 2254. (Dkt. #1). The Director has filed a motion for summary judgment (Dkt. #6) and Williams has failed to respond within 30 days. Having considered the motion, record, and the relevant law, the Court finds that the Director's motion for summary judgment should be GRANTED.

**I. Background**

The Director has custody over Williams pursuant to a judgment and sentence of the 174th Judicial District Court of Harris County, Texas. *The State of Texas v. Roderick Lashawn Williams*, No. 1015250; (Dkt. #6-3 at 2, 3). On January 12, 2006, Williams was sentenced to 15 years of imprisonment after he pled guilty to possession of cocaine. *Id.*

Williams presently challenges disciplinary case number 20060304277. On June 26, 2006, Williams was notified that he was being charged with the prison disciplinary offenses of riot, a Level 1, Code 8.0 violation of the TDCJ-CID *Disciplinary Rules and Procedures for*

1

*Offenders* and for refusing or failing to obey orders, a Level 2, Code 24.0 violation. (Disciplinary Hearing Record ("DHR") at 1). On July 6, 2006, Williams attended a disciplinary hearing where he was found guilty of both charges by a Disciplinary Hearing Officer ("DHO"), who assessed the following punishments:

1. 30 days loss of commissary privileges;

2. a reduction in line class from L1 to L2; and

3. 30 days loss of good-time credit.

(DHR at 1, 7); (Disciplinary Hearing Tape ("DHT").

On July 7, 2006, Williams submitted a step-one grievance, initiating grievance case number 2006190641, appealing disciplinary case number 20060304277. (Disciplinary Grievance Record ("DGR") at 1). On July 26, 2006, this grievance was denied. (DGR at 2). On August 7, 2006, Williams submitted a step-two grievance, appealing the outcome of his step-one grievance. (DGR at 3-4). On August 23, 2006 this step-two grievance was denied. (DGR at 3-4). On October 6, 2006, Williams filed the instant petition.

## II. Claims and Allegations

Williams challenges disciplinary case number 20060304277 on the following grounds:

1. "There was no evidence submitted which would have shown petitioner was engaged in a riot." (Dkt. #1 at 7).

2. "There was inadequate notice that petitioner was being charged with a riot." (Dkt. #1 at 7).

3. The hearing officer was biased. (Dkt. #1 at 7).

4. Counsel substitute was ineffective for failing to call witnesses. (Dkt. #1 at 8).

## III. Exhaustion of Administrative Remedies

2

Before filing a petition for a writ of habeas corpus in federal court, an inmate is required to exhaust his administrative remedies. *Lerma v. Estelle*, 585 F.2d 1297, 1299 (5th Cir. 1978). In the prison disciplinary context, this exhaustion requirement entails the pursuit of TDCJ-CID's internal grievance procedures. *Broussard v. Johnson*, 918 F.2d 254, 258 n. 3 (5th Cir. 1993). The applicable grievance procedure is composed of two steps and a prisoner must present his claims in both steps before they are exhausted. *See Johnson v. Johnson*, 385 F.3d 503, 515 (5th Cir. 2004)(citing *Wright v. Hollingsworth*, 260 F.3d 357, 358 (5th Cir. 2001)). Additionally, inmates must present their claims in a procedurally correct manner to satisfy the exhaustion requirement. *Castille v. Peoples*, 489 U.S. 346, 351 (1989). Exceptions to the exhaustion requirement for federal habeas corpus review apply only in extraordinary circumstances, including futility of the administrative process. *State v. Fuller*, 11 F.3d 61, 62 (5th Cir. 1994). To overcome the procedural bar, an inmate must show cause and actual prejudice from a procedural default. *Johnson v. Cain*, 215 F.3d 489, 494 (5th Cir. 2000).

After reviewing the pertinent disciplinary records, the Court finds that all of Williams' claims are unexhausted. None of the four claims listed in Williams' petition are discernibly mentioned in his step-one or step-two grievances.[1] Furthermore, Williams has not established cause and prejudice, futility, exceptional circumstances or any other exception to the exhaustion requirement in this case. Accordingly, the Court finds that Williams is not entitled to relief on any of his claims.

### VI. Certificate Of Appealability

---

[1] In any event, the record demonstrates that sufficient evidence supports the DHO's findings, Williams received adequate notice, sufficient evidence does not support a finding of bias on the part of the DHO, and Williams has not established that his counsel substitute violated any of his rights.

A Certificate of Appealability will not be issued unless the petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This standard "includes showing that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 120 S.Ct. 1595, 1603-04 (2000) (internal quotations and citations omitted). Stated differently, the petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Id.*; *Beasley v. Johnson*, 242 F.3d 248, 263 (5th Cir. 2001). A district court may deny a Certificate of Appealability, *sua sponte*, without requiring further briefing or argument. *Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000). The Court has determined that Williams has not made a substantial showing that reasonable jurists would find the Court's procedural ruling to be debatable; therefore, a Certificate of Appealability from this decision will not be issued.

### Conclusion

The Court **ORDERS** the following:

1. The Director's motion for summary judgment (Dkt. #6) is **GRANTED**.

2. This petition for a writ of habeas corpus is **DISMISSED**, with prejudice.

3. A Certificate of Appealability is **DENIED**.

**SIGNED** on this 10th day of July, 2008.

JOHN D. RAINEY
UNITED STATES DISTRICT JUDGE